# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Jodie Pittman, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:16-cv-3250 |
| Jefferson Capital Systems, LLC, a Georgia limited liability company, and First National Collection Bureau, Inc., a Nevada corporation, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT – CLASS ACTION

Plaintiff, Jodie Pittman, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

## PARTIES

3.      Plaintiff, Jodie Pittman ("Pittman"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which was allegedly owed for a Keybank debt.

4. Defendant, Jefferson Capital Systems, LLC ("Jefferson"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Jefferson operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Jefferson was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, First National Collection Bureau, Inc. ("FNCB"), is a Nevada corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant FNCB operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant FNCB was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Jefferson is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendants Jefferson and FNCB are both authorized to conduct business in the State of Indiana, and maintain registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, both of the Defendants conduct business in Indiana.

8. Defendants Jefferson and FNCB are both licensed as debt collection

agencies in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B.  In fact, both of the Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. More than 7 years ago, Ms. Pittman fell behind on paying her bills, including a debt she allegedly owed for a Keybank account.  Sometime after that debt became delinquent, it was allegedly purchased/obtained by Jefferson, which tried to collect upon it, by having Defendant FNCB send Ms. Pittman an initial form collection letter, dated June 6, 2016, demanding payment of the Keybank debt.  This letter made various settlement offers and claimed it would result in savings for Ms. Pittman and "aid" her financial situation.  This letter then stated:

\* \* \*

> The law limits how long you can be sued on a debt.  Because of the age of your debt, our client will not sue you for it.  In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay.  You should determine the effect of any actions you take with respect to this debt.

\* \* \*

A copy of this collection letter is attached as Exhibit C.  This letter, however, failed to state that FNCB could not sue on the debt, and that FNCB could not make a credit report about the debt; moreover, by stating that our client "will not" sue or credit report, rather than it "cannot" sue or credit report, the letter implied that Jefferson still had the option to take those actions, and that it was simply choosing not to do so.

10. In fact, neither Defendant could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Indiana, namely Indiana

Code § 34-11-2 (six years from the date of the last payment/statement).

11. In fact, neither Defendant could file a credit report regarding the debt at issue because no such report can be made once 7 years has passed from the date of last payment/statement.

12. The failure of Defendants to disclose that neither Defendant could sue and neither Defendant could credit report the debt is material. In Indiana, collection agencies like FNCB can, and do, file collection lawsuits for their clients, and nationwide, they also make credit reports for their clients. Thus, the lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants' statements that the debt needed to be settled and/or would result in the alleged savings.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover,

debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

17. Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA. See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

18. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that FNCB would not sue on the debt; b) they did not foreclose the possibility that FNCB could credit report the debt; and, c) they failed to foreclose that Jefferson could not legally sue or credit report the debt, not that Jefferson had simply chosen not to do so. Moreover, Defendants falsely claimed that payment would result in a savings and would "aid" the consumer's financial situation when, in fact, no savings existed and it would not aid them.

19. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

20. Defendants form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

21. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

22. Plaintiff adopts and realleges ¶¶ 1-14.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that FNCB would not sue on the debt; b) they did not foreclose the possibility that FNCB could credit report the debt; and, c) they failed to foreclose that Jefferson could not legally sue or credit report the debt, not that Jefferson had simply chosen not to do so. Moreover, there were no actual savings or discount to be had by payment of the debt and payment would not in any way aid the consumer's financial situation.

25. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

26. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

28. Plaintiff, Jodie Pittman, brings this action individually and as a class action

on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed for a Keybank account, via the same form collection letter, that Defendants sent to Plaintiff (Exhibit C), from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

29.   Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Pittman, in their attempts to collect delinquent consumer debts from other consumers.

30.   The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Pittman.

31.   Plaintiff Pittman's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner

applicable to the Class as a whole such that declaratory relief is warranted.

33. Plaintiff Pittman will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Pittman has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Jodie Pittman, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Pittman as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Pittman and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jodie Pittman, individually and on behalf of all others similarly situated, demands trial by jury.

          Jodie Pittman, individually and on behalf of all others similarly situated,

          By: /s/ David J. Philipps
          One of Plaintiff's Attorneys

Dated: November 30, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com