UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JODIE PITTMAN, individually and on behalf of all others similarly situated, </br></br>  Plaintiff, </br></br> v. </br></br> JEFFERSON CAPITAL SYSTEMS, LLC, a Georgia limited liability company, and FIRST NATIONAL COLLECTION BUREAU, INC., a Nevada corporation, </br></br>  Defendants. | Case No. 1:16-cv-3250-SEB-MJD |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Jefferson Capital Systems, LLC ("JCAP") and First National Collection Bureau, Inc. ("FNCB") (collectively "Defendants"), by and through their attorneys, respectfully request this Court dismiss Plaintiff Jodie Pittman's ("Plaintiff" or "Pittman") Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, state as follows:

**INTRODUCTION**

Plaintiff attempts to state a claim based upon Defendants' purported failure to provide her with information regarding legal issues concerning her debt. In essence, Plaintiff attempts to manufacture an FDCPA claim by making a twisted and idiosyncratic interpretation of the language district courts and the Federal Trade Commission ("FTC") have deemed to be sufficient to advise consumers about the collection of time-barred debts.[1] Plaintiff attempts to expand upon the FTC's language by requiring debt collectors to make statements that are simply not required. Moreover, Plaintiff's claim would lead to the peculiar result in which non-

---

[1] See United States v Asset Acceptance, LLC, No. 12-cv-182, ECF No. 5 (M.D. Fla. Jan. 31, 2012).

attorneys are required to provide legal advice. Unfortunately for Plaintiff, the law is well-settled that it is improper for a non-attorney to give legal advice or otherwise engage in the unauthorized practice of law. Plaintiff cannot compel Defendants to take action that is not required by law or statute and, in fact, is expressly proscribed. Thus, Plaintiff's Complaint must be dismissed in its entirety.

## STATEMENT OF FACTS

Plaintiff filed her lawsuit against Defendants, alleging various violations under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* Plaintiff incurred an outstanding financial obligation to Keybank N.A. (Pl. Compl., ¶ 9 – Doc. No. 1.) Defendant JCAP subsequently acquired Plaintiff's debt, and the debt was then placed with FNCB for collection. (*Id.*) On June 6, 2016, Defendant FNCB sent Plaintiff correspondence in an effort to collect the delinquent account on behalf of JCAP. (*Id.* and Ex. C thereto.) That letter extended a "discounted offer" to resolve the obligation, which included the following disclosure ("disclosure"):

> The law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

(*Id.*)

Equating the discounted offer with a "settlement" proposal, Plaintiff asserts that the disclosure was insufficient, because neither JCAP nor FNCB could sue Plaintiff and neither could credit report the account. (*Id*. ¶¶ 10-11.) Plaintiff claims that FNCB's letter failed to provide that: (1) "FNCB could not sue on the debt", and (2) "FNCB could not make a credit report about the debt." (*Id.* ¶ 9.) Plaintiff also claims that by stating that JCAP "will not sue" instead of saying JCAP "cannot sue", it improperly implied that JCAP was simply choosing not

to sue. (*Id.* ¶ 9.) To that end, Plaintiff asserts that Defendants violated 15 U.S.C. §§ 1692e and 1692f of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* ¶¶ 16-21 and 23-27.)

## LEGAL ARGUMENT

### A.   Legal Standard

Plaintiff's Complaint should be dismissed because the allegations, even assuming them to be true, fail to state a valid claim. F.R.C.P. 12(b)(6) provides for dismissal of a complaint when it fails to state a claim upon which relief can be granted. A plaintiff is obligated to provide more than conclusions, and a formulaic recitation of the elements of a cause of action to survive dismissal. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In considering a motion to dismiss, a district court may consider any facts set forth in the complaint that undermines the plaintiff's claim, including exhibits attached to the complaint. *See* Fed. R. Civ. P. 10(c); *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013).

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief. *Bissesur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). In determining "plausibility," the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950. ("[F]or the purposes of a motion to dismiss...we are not bound to accept as true a legal conclusion couched as a factual allegation").

### B.   Legal Analysis

Despite the fact that FNCB's letter included a disclosure that stated: (1) the law limits how long you can be sued for a debt, (2) because of the age of the account, FNCB's client, JCAP, would not sue Plaintiff and (3) that there could be consequences of making a payment with respect to the statute of limitations, Plaintiff asserts that FNCB's letter violated the FDCPA. Specifically, Plaintiff asserts that FNCB's letter: (1) failed to state that FNCB would not sue Plaintiff, (2) failed to state that the account could not be credit reported, and (3) implied that JCAP was merely opting not to sue. (Pl. Compl. ¶ 9). Plaintiff's arguments are wholly without merit and should be dismissed outright.

### 1. Plaintiff's claims hinge on an idiosyncratic and bizarre interpretation of the letter.

The Seventh Circuit instructs that, "[w]e disregard unrealistic, peculiar, bizarre and idiosyncratic interpretations of collection letters." *Durkin v. Equifax Check Servs. Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). Plaintiff's bizarre theory evolves from the Seventh Circuit's holding in *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014). In *McMahon*, the issue was whether a dunning letter for a time-barred debt which uses the term "settle" or "settlement" without a disclosure that the debt was time-barred would mislead the reasonable unsophisticated consumer into believing that he or she could be sued. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014). The Seventh Circuit remanded the case because it found that "it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable." *Id.* at 1020. The *McMahon* Court's holding was buttressed by the specific reference to "settlement" employed in the letter, connoting a term used in the litigation context. *Id.* at 1021.

Here, the letter at issue does not even use the term "settlement" or make a "settlement offer", which is the exact language the *McMahon* Court found to be potentially misleading as the court believed the term implies a right to sue. Indeed, Plaintiff's claim ignores the plain language in Defendants' letter, which uses the term "discounted offer,"[2] not "settlement,"[3] assumes the terms are synonymous (which they are not), and argues that the disclosure that the debtor would not be sued by the owner of the debt was somehow "deficient." (Pl. Compl, ¶¶ 19, 20, 24 and 25). There is absolutely nothing whatsoever about the term "discounted offer" that implies or is in any way related to litigation. Even an unsophisticated consumer would be aware of that.

---

[2] Merriam Webster defines "offer" as "to present for acceptance or rejection," and "to propose as payment." https://www.merriam-webster.com/dictionary/offer. The term "discount" is defined as "a reduction made from the gross … amount or value of something." https://www.merriam-webster.com/dictionary/discount

[3] *McMahon* at 1021.

Even assuming *arguendo* that the Court were to equate the two terms and invest the mind of the unsophisticated consumer with the belief that a "discounted offer" somehow connotes litigation, Plaintiff's entire claim is a contorted, peculiar and idiosyncratic reading of the very language that the FTC deemed to be sufficient to advise consumers about the collection of time-barred debts, *i.e.*, that a debtor will not be sued over debts for which the statute of limitations has expired.

In addition, counsel for consumers in this district often cite to the consent decree between the FTC and Asset Acceptance, *United States v. Asset Acceptance, LLC*, No. 12-cv-00812, ECF No. 5 (M.D. Fla. Jan. 31, 2012), to support their claims. Ironically, that same consent decree now undermines Plaintiff's claim in this case. In the *Asset Acceptance* consent decree, the FTC and the federal district court that accepted the consent decree created language sufficient to satisfy the disclosure requirements under the FDCPA for time-barred debt collection. (*Id.*) As stated by the *McMahon* court,

> That decree requires the company to disclose to consumers whether it knows or believes that a debt was incurred outside the limitations period, using this language: 'The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.'

*McMahon,* 744 F.3d at 1016.

The letter in this case clearly states that:

> The law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it.

There is no material difference between the model language drafted by the FTC and the language in the letter in this case.

      a. **Plaintiff's claim that the letter violates the FDCPA because it fails to state that FNCB cannot sue is without merit.**

Taking issue with the FTC's approved language, which was cited to approvingly by the Seventh Circuit in *McMahon,* Plaintiff asserts that the letter violated the FDCPA because the

disclosure did not advise that FNCB would not itself sue Plaintiff. (Pl. Compl. ¶ 12.) In support of this allegation, Plaintiff states that "[i]n Indiana, collection agencies like FNCB can, and do, file collection lawsuits for their clients…." (*Id.*) Notably, Plaintiff does not allege that FNCB files lawsuits for its clients, rather Plaintiff generally avers that agencies "like" FNCB file lawsuits. Such an unsupported statement wholly fails to meet the requisite pleading standard. Indeed, Plaintiff cannot claim that FNCB files lawsuits because Plaintiff, and her counsel, possess no evidence to support such a claim and indeed, know that such a claim would be false, because FNCB does not file lawsuits. Plaintiff's reliance on a conclusory allegation regarding the conduct of other collection agencies is insufficient to survive a motion to dismiss and should not be countenanced.

Instead, Plaintiff's argument should be taken for what it is—a red herring intended to mislead or distract the court from the relevant issues in the case. It is axiomatic that only the owner of Plaintiff's debt has authority to sue or to authorize another party to sue on its behalf. One acting on the creditor's behalf cannot do what the creditor has proscribed. It, therefore, follows that if JCAP will not sue on the debt, which is stated in clear and unequivocal terms in the letter to Plaintiff, a debt collector acting on behalf of JCAP (here, FNCB) will not and cannot sue on the debt. It has absolutely no authority to do so. Even assuming, *arguendo*, that FNCB attempted to sue in contravention of JCAP's stated intentions, FNCB's action would be unauthorized and void. As a result, an additional disclosure that FNCB itself will not or cannot sue on the debt would be unnecessary, irrelevant and redundant.

Moreover, as a third-party collector that was neither the creditor nor a law firm, had FNCB stated that it would not sue Plaintiff, Plaintiff and her counsel may very well have sued FNCB for implying that FNCB could have sued Plaintiff when it could not. In the *Asset*

3480261v1

*Acceptance* matter, the claims against Asset Acceptance related to Asset Acceptance's acquisition of consumer accounts and its direct collection efforts on those accounts. *See United States v Asset Acceptance, LLC*, No. 12-cv-182, ECF No. 5 (M.D. Fla. Jan. 31, 2012). Thus, in the *Asset Acceptance* matter, the collections were being made by the current creditor, so a disclosure that "we (i.e. the creditor) will not sue you" makes sense. That is in contrast to this case where FNCB is not the creditor, but rather is collecting on behalf of the creditor. Accordingly, whereas the FTC language in the *Asset Acceptance* matter logically provides that "we will not sue you", FNCB, in an effort to provide a disclosure that is consistent with the FTC's language, provided a disclosure advising that its client, the creditor—which is the only party with authority to sue or to authorize another party to sue on its behalf--would not sue. Thus, both the FTC approved language and the FNCB disclosure provide that the creditor will not sue the consumer.

Notably, the Sixth Circuit, which cited favorably to the *McMahon* decision, also indicated its approval of the following language, used by a third-party debt collector like FNCB:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it.

*Buchanan v. Northland Group, Inc.,* 776 F.3d 393, 400 (6th Cir. 2015). In *Buchanan*, as in this matter, the third-party debt collector's disclosure referenced the current creditor only, making no representation that the debt collector would not sue the consumer. Since FNCB could not sue Plaintiff for the debt, and because neither the FTC nor case law supports Plaintiff's theory, Plaintiff's argument that FNCB failed to advise that it could not sue Plaintiff does not support a valid claim for relief.

        **b. Plaintiff's claim that the letter violates the FDCPA because it fails to advise that no credit reporting will be conducted is without merit.**

Plaintiff asserts that the letter violates the law because it failed to disclose that no credit reporting could be done. This argument fails because there is no requirement, in statute, regulation, case law or otherwise, to advise that credit reporting will not take place. Plaintiff's theory is also premised on a fundamental misunderstanding of credit reporting.

First, Plaintiff argues that because the debt was more than seven years old, it could not be credit reported. (Pl. Compl. ¶ 11.) That is false. Neither FNCB, nor its client JCAP, are prohibited from *providing* information to credit reporting agencies on an account that is or may be beyond the seven-year plus 180-day credit reporting deadline. Rather, the duty to control what is contained in a credit report falls to the credit reporting agencies. *See Hollis v. Northland Group,* 2009 WL 250075 (D. Minn. 2009). That is, the credit reporting agency is the party that is liable under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, if an out-of-date account is contained in a credit report issued by the agency.

The FCRA states that "no <u>consumer reporting agency</u> may make any <u>consumer report</u> containing any of the following information . . . Accounts placed for collection . . . which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4) (emphasis added). The statutory definitions of "consumer reporting agency" (15 U.S.C. § 1681a(f)) and "consumer report" (15 U.S.C. § 1681a(d)) reveal that the foregoing prohibition does not apply to communications by creditors or debt collectors to consumer reporting agencies. Instead, the prohibition applies only to consumer reporting agencies (*i.e.*, credit bureaus). The consumer reporting agencies are the parties that are responsible for making sure that no information concerning collection efforts related to debts that are more than seven years plus 180 days old appears in any consumer report.

>Moreover, as set forth in the *Hollis* decision,
>
>>the FCRA expressly allows claims that are ***more than seven years old*** to be included in a consumer report in certain cases. Specifically, 15 U.S.C. § 1681c(b) provides:
>>
>>(b) Exempted cases
>>The provisions of paragraphs (1) through (5) of subsection (a) of this section are not applicable in the case of any consumer credit report to be used in connection with—
>>(1) a credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;
>>(2) the underwriting of life insurance involving, or which may reasonably be expected to involve, a face amount of $150,000 or more; or
>>(3) the employment of any individual at an annual salary which equals, or which may reasonably be expected to equal $75,000, or more.

*Hollis*, 2009 WL 250075 at * 3 (quoting 15 U.S.C. § 1681c(b)) (emphasis added). Accordingly, there are certain instances where a credit reporting agency may include tradelines on a consumer's credit report relating to debt that is more than seven years old. Thus, contrary to Plaintiff's assertions, a debt collector may furnish information regarding debt that is more than seven years old, but which is still credit reportable. It is for the consumer reporting agency to determine what information it ultimately includes in the credit report with regard to the above-referenced provision.

It is undisputed that FNCB is a debt collector, not a consumer reporting agency. Likewise, there is no contention that JCAP is a consumer reporting agency, because it is not. Thus, neither FNCB, nor JCAP is legally responsible for preventing information concerning collection efforts related to debts that are more than seven years old from appearing in any consumer report. And it is not illegal for either of them to furnish information regarding a debt that is more than seven years old to a consumer reporting agency.

In addition to Plaintiff's misunderstanding of credit reporting, there is no applicable statute, regulation, case or other law that in any way supports Plaintiff's theory that FNCB (or

any other debt collector for that matter) must advise a consumer that neither it, nor JCAP, will credit report an account. Interestingly, there are numerous actions that applicable law prohibits debt collectors from taking, but which debt collectors are not required to advise a consumer of. They include, but are not limited to the following: (1) they cannot claim to be vouched for by the United States (15 U.S.C. § 1692e(1)), (2) they cannot falsely claim to be an attorney (§ 1692e(3)), and (3) they cannot imply that failure to pay will result in imprisonment (§ 1692e(4)). Just as a debt collector is not required to advise a consumer of the aforementioned prohibitions, there is no requirement under the FDCPA or any other law or regulation that a debt collector advise a consumer as to the credit reporting intentions of it, or its client. Congress, state legislators and regulators know how to provide directives. They did so when mandating specific disclosures for debt collectors, such as the mini-Miranda in Section 1692e of the FDCPA and validation notice in Section 1692g of the Act. They chose not to include credit reporting in those mandated disclosures. Plaintiff cannot require what Congress itself has chosen not to. The Court should reject Plaintiff's blatant attempt to legislate through this case. Accordingly, Plaintiff's claim must be dismissed.

        **c.  Plaintiff's claim that using "will not sue" instead of "cannot sue" is without merit.**

Despite the FTC's and the *McMahon* court's express approval of the "will not sue you" language, Plaintiff asserts that the letter violates the FDCPA because Plaintiff believes the letter should advise that the creditor "cannot sue you". Plaintiff asserts that the "will not sue you" language implies that JCAP could still sue, but it has simply made a choice not to do so. This is another attempt by Plaintiff to misdirect the court from relevant issues. The language clearly states that the owner of her debt, JCAP, the only party with authority to sue on it, will not sue her to collect that debt. That is a crystal clear disclosure that could not possibly leave even the unsophisticated consumer confused as to whether or not she will be sued on the debt. Because

3480261v1

the language at issue was approved by the *McMahon* court and the FTC, Plaintiff's claim is without merit.

Furthermore, Plaintiff's argument boils down to nothing more than semantics. And dissecting the argument shows that it in fact undermines Plaintiff's purported desire for clarity regarding whether she will be sued on the debt. Indeed, advising that a party will not do something is a broader statement than saying that a party cannot do something. Also, if a debt collector or debt buyer is not aware of the exact deadline for commencing suit on a debt, that debt collector or debt buyer runs the risk of making a false statement if they state they "cannot sue" when the deadline has yet to pass. By stating "will not sue", language approved by the FTC and the *McMahon* and *Buchanan* courts, the letter at issue in this case accounted for any unknown errors in calculating the statute of limitations and provided Plaintiff with the requisite and desired protections. Had FNCB stated that its client "cannot sue", when in fact the statute of limitations had yet to expire; such an action would have likewise spawned a consumer litigation claim. There is a simple way to avoid that pitfall: use the language approved by the FTC and controlling legal authority in this Circuit. FNCB did exactly that, insulating itself from potentially inaccurate disclosures that could mislead consumers, while still providing consumers with the required notice. Thus, Plaintiff's Complaint must be dismissed.

        **d.     Plaintiff's claim hinges on Defendants engaging in the unauthorized practice of law.**

Plaintiff attempts to fabricate an irrelevant distinction to manufacture a claim under the FDCPA. Plaintiff claims that the letter is deceptive because it does not explicitly say that the Defendants cannot sue as a matter of law. (Pl. Compl. ¶ 9.) Plaintiff essentially claims the FDCPA was violated because the Plaintiff was not given explicit legal advice about the application of the Indiana statute of limitations as an affirmative defense to his debt. The FDCPA contains no requirement or directive of providing legal opinions or legal advice to debtors about potential affirmative defenses under State law. Plaintiff is attempting to misuse the FDCPA to transform debt collectors into legal advisors for debtors. Plaintiff desires to rewrite the FDCPA

to force collectors to provide legal opinions about the affirmative defenses available to a debtor, like the statute of limitations. There is no such requirement in the FDCPA. This Court should refrain from misreading or manipulating the FDCPA to create any such obligation because it is not the law. It would also create a conflict of interest for any debt collection lawyer in Indiana under Indiana Rule of Professional Conduct 1.7, comment 6, Identifying Conflicts of Interest: Directly Adverse. *See* http://www.in.gov/judiciary/rules/prof_conduct/#_Toc461714662

There are no requirements under the FDCPA for making any such statements of legal opinion or for advising debtors about how any one particular set of state laws would apply to the particular facts and circumstances of any particular debtor. Plaintiff seeks to transform debt collectors into legal advisors for each debtor in all 50 states under the FDCPA. That was not the intent of Congress (stated or otherwise) and this Court should not read language into a statute that is not there.

Moreover, there is no authority for Plaintiff's claim that the FDCPA requires a debt collector to provide a legal opinion to any particular debtor about when the statute of limitations has expired on a particular debt. Plaintiff is impermissibly seeking to rewrite the FDCPA. With the exception of Sections 1692g and 1692e(11), the FDCPA has no other disclosure requirements. The letter in this case complies with §1692g by advising Plaintiff of the 30-day validation period and that the Plaintiff may request the name and address of the original creditor. It also complies with the disclosure requirements of §1692e(11), by stating that it is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Despite Plaintiff's unrealistic, peculiar, bizarre and idiosyncratic interpretation of the letter, the plain truth is that the letter complies with the law to a tee.

Plaintiff's claim must fail because she essentially asks Defendants to give legal advice and thus engage in the unauthorized practice of law. Specifically, Plaintiff argues that the subject letter is deceptive because it fails to explicitly state that the debt is time-barred and that Defendants could not legally sue or credit report the debt. (Pl. Compl. ¶ 9.) Plaintiff essentially claims that Defendants have an obligation to provide legal advice about statutes of limitation and

3480261v1

credit reporting. The Indiana Supreme Court has defined the practice of law as the giving of legal advice to a client or placing oneself in a very sensitive relationship where the confidence of the client and the management of his affairs are left in the hands of the advisor. *State ex rel. Indiana State Bar Ass'n v. Diaz*, 838 N.E.2d 433, 444 (Ind. 2005)("..." it is clear the core element of practicing law is the giving of legal advice..."); *State ex rel. Indiana State Bar Ass'n v. Northouse*, 848 N.E.2d 668, 672 (Ind. 2006)("... it has been held that persons engage in the practice of law when they advise others regarding the legal consequences of specific decisions..."). Determining whether the particular debt of this Plaintiff is actually outside the statute of limitations falls squarely into the definition of the practice of law because it requires an analysis of the specific facts of Plaintiff's debt under specific portions of Indiana state law before such a legal opinion could be made. The same could be said about the credit reportability of Plaintiff's debt under the Fair Credit Reporting Act.

  Indeed, it is well-settled that a non-attorney may not give legal advice or otherwise engage in the unauthorized practice of law. In fact, courts have found FDCPA violations where non-attorney debt collectors have engaged in such practices. *Poirier v. Alco Collections, Inc.*, 107 F.3d 347, 350–51 (5th Cir.1997) (finding FDCPA violation where debt collector violated state law on unauthorized practice of law); *see also Todd v. Franklin Collection Service, Inc.*, 694 F.3d 849, 851 (C.A.7 (Ill.), 2012) (finding that the district court correctly ruled that the assignment was void as against public policy because Todd was using it to attempt to engage in the unauthorized practice of law. Illinois public policy forbids the assignment of legal claims to non-attorneys in order to litigate without a license).

  Here, Plaintiff's claims fall squarely within this prohibited conduct. Plaintiff's claims hinge on Defendants' failure to provide legal advice to the debtor (*i.e.*, to inform her that under Indiana law, this particular debt is in fact time-barred). Neither the law nor the FDCPA requires such disclosures on collection correspondences. Rather, the law precludes Defendants from acting in such a legal capacity. Thus, Plaintiff's Complaint must be dismissed in its entirety.

3480261v1

        e.        **Plaintiff's assertion that the letter falsely claims that payment would result in a savings and aid the consumer's financial situation is wrong.**

Plaintiff alleges that the letter falsely claims that payment would result in a savings and would aid the consumer's financial situation when, in fact, no savings existed and it would not aid them. (Pl. Compl. ¶¶ 18, 24.) Plaintiff appears to base this on her mistaken belief that because the statute of limitations to bring suit on the debt has expired, the debt is no longer owed. Plaintiff is wrong.

The letter offers a discounted payment option for the debtor to pay the debt in full, if the debtor wants to do so. The Seventh Circuit explicitly allows creditors the freedom to ask a debtor to pay a debt, even at a discount. If the debtor wanted to honor her debts but she does not have enough money to pay the full amounts owed, an opportunity to eliminate this debt entirely for a smaller percentage of the debt may help the debtor's financial situation to pay the debts she owes.

Under Indiana law (and many, if not most, other states) a time-barred debt is still a debt that is owed. The running of the statute of limitations serves to limit the creditor's remedies with respect to collection, but it does not serve to extinguish the debt outright. The website for Indiana's Department of Financial Institutions states that "[a] debtor continues to owe a debt even after a collection action is time-barred. Consequently, a debt collector may, without violating the FDCPA, ask the consumer to pay, as long as the debt collector neither threatens a debt collection action or commences one." See http://www.in.gov/dfi/2537.htm (last visited January 18, 2017). This means Plaintiff still owes the debt in the letter and it is lawful for her to be asked to pay that debt, even at a discount.

The Indiana Supreme Court stated long ago that "A statute of limitation is remedial, and does not extinguish the debt." *Cassell v. Lowry*, 164 Ind. 1-4, 72 N. E. 640, and cases cited therein; *Townsend v. Jemison*, 9 How. 407, 13 L. Ed. 194; *Jackson Hill Coal & Coke Co. v. Bd. of Comm'rs of Sullivan Cnty.*, 181 Ind. 335, 104 N.E. 497, 498 (1914). This holding has been affirmed and expressed in many other Indiana courts: Guthrie v. Wilson, 240 Ind. 188, 162 N.E.2d 79 (1959); *Streepy v. State*, 202 Ind. 685, 177 N.E. 897 (1931); *Jackson Hill Coal &*

*Coke Co.*, 181 Ind. 335, 104 N.E. 497 (1914); *Indiana Nat. Corp. v. FACO, Inc.*, 400 N.E.2d 202 (Ind. Ct. App. 1980); *McClain v. Chavez*, 178 Ind. App. 560, 383 N.E.2d 414 (1978); *Bennett v. Bennett*, 172 Ind. App. 581, 361 N.E.2d 193 (1977); *Marhoefer Packing Co., Inc. v. Indiana Dept. of State Revenue*, 157 Ind. App. 505, 301 N.E.2d 209 (1973); *Oberg v. D. O. McComb & Sons*, 127 Ind. App. 278, 141 N.E.2d 135 (1957).

Plaintiff engages in bizarre interpretations of the letter to fabricate FDCPA claims. This Court should not allow Plaintiff to assert a claim based upon a contorted, peculiar and idiosyncratic interpretation of either a disclosure that was previously approved by the FTC and courts or a voluntary payment plan on a debt that continues to exist under Indiana law.[4] This Court should dismiss Plaintiff's Complaint with prejudice.

## CONCLUSION

In light of the above, Defendants, respectfully request this Court dismiss Plaintiff's Complaint with prejudice and grant such other and further relief in their favor as the Court deems just and proper.

---

[4] It bears mentioning that from a mathematical standpoint, Plaintiff is flat wrong that the proposed discounted offer would not aid her financial situation. Plaintiff owes the debt, whether it is legally enforceable or not. The fact that the debt is time-barred and potentially not reportable to the credit bureaus does not change that fact. The debt balance as of the date of the letter was $1,536.42. The letter made a discounted offer of $307.28. That's a savings of $1,229.14, or approximately 80%. Even assuming that forgiveness of that amount resulted in a taxable event and Plaintiff were in the highest tax bracket (which is about 40% for income just over $400,000), that would only result in a tax of approximately $491.66. That's a net savings for Plaintiff of $737.48, meaning Plaintiff's financial situation is aided by at least that amount, maybe more.

3480261v1

16 | P a g e

                                      Respectfully submitted,

                                      MOSS & BARNETT

Dated: January 20, 2017           s/Michael S. Poncin
                                      Michael S. Poncin (Minn. Bar #296417)
                                      150 South Fifth Street
                                      Suite 1200
                                      Minneapolis, Minnesota 55402
                                      Ph: 612.877.5000
                                      Fax: 612.877.5999
                                      mike.poncin@lawmoss.com

                                      COUNSEL FOR DEFENDANTS

3480261v1

## CERTIFICATE OF SERVICE

       I hereby certify that on January 20, 2017, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David J. Philipps, Esq.
Mary E. Philipps, Esq.
Angie Robertson, Esq.
PHILIPPS & PHILIPPS LTD.
9760 South Roberts Road, Suite 1
Palos Hills, IL 60465
E-mail: davephilipps@aol.com
E-mail: mephilipps@aol.com
E-mail: angiekrobertson@aol.com

John T Steinkamp, Esq.
5214 S. East Street, Suite D1
Indianapolis, IN 46227
steinkamplaw@yahoo.com

                                             s/Michael S. Poncin
                                             Michael S. Poncin (Minn. Bar #296417)