IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Jodie Pittman, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.   1:16-cv-3250-SEB-MJD |
| Jefferson Capital Systems, LLC, a Georgia limited liability company, and First National Collection Bureau, Inc., a Nevada corporation, ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Jodie Pittman ("Pittman"), individually and on behalf of all others similarly situated, hereby responds to Defendants' Motion to Dismiss, pursuant to Fed.R.Civ.P 12(b)(6) (Dkt. 16, 17), and states as follows[1]:

**INTRODUCTION**

Attempts to collect time-barred debts, without fully disclosing the legal effect of the statute of limitations, have quite correctly come under increased scrutiny. Here, First National Collection Bureau ("FNCB"), and Jefferson Capital Systems ("Jefferson"), sent Ms. Pittman a form debt collection letter regarding a time-barred debt that included a purported disclaimer about the law limiting how long one can be sued on a debt, but which was completely ineffective in communicating the legal significance of this fact to an unsophisticated consumer. Specifically the letter only said that "[B]ecause of the age

---

[1] Two other motions to dismiss, based on similar letters, are also pending before this Court, see, Shields v. JCC and LVNV, Case No. 16-cv-1548-SEB-DML (S.D. Ind.) at Dkt. 21, 22, 24, 25, 29, 30, 31, and 34; and Woodward v. FNCB and LVNV, Case No. 1:16-cv-03293-SEB-MPB (S.D. Ind.), at Dkt. 17, 18, 20, and 21.

1

of the debt, our client will not sue you for it."  The letter failed to state that neither Jefferson, nor FNCB, *could* legally sue to collect the debt or to report the debt to a credit reporting agency.  Moreover, Defendants falsely claimed that payment would result in a discount and would "aid" Ms. Pittman's "financial situation", when, in fact, paying a debt which was no longer legally enforceable would not, in any way, aid Ms. Pittman's financial situation.  Finally, Defendants time-barred disclaimer failed to inform Ms. Pittman that her debt was also beyond the statute of limitations for credit reporting, and neither Defendant could, therefore, report her delinquent debt to a credit reporting agency.

Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Plaintiff's allegations -- that the letter at issue would confuse an unsophisticated consumer -- are "idiosyncratic and bizarre" because only the owner of a debt may lawfully sue to collect it (see, Dkt., 17, at pp. 5-7) -- a legal distinction that would be wholly unfamiliar to an unsophisticated consumer -- and because the language used by Defendants was similar to that proposed by the FTC, (Dkt. 17, at pp. 10-11), but there are key differences that render the use of that language inapposite.  Defendants also point to a myriad of exceptions to the Fair Credit Reporting Act's seven-year statute of limitations for reporting delinquent consumer debts (Dkt. 17, at pp. 8-10) -- not a single one of which would apply to Ms. Pittman's debt.  Defendants also wrongly state that to accurately portray the legal status of a time-barred debt would force them to engage in the unauthorized practice of law.  (Dkt. 17 at pp. 11-13).  On all points, Defendants ignore binding Seventh Circuit case law, as well as Indiana collections law; Defendants' motion should be denied.

**FACTUAL BACKGROUND**

More than seven years ago, Ms. Pittman fell behind on paying some of her debts, including a debt originally owed for a Keybank account.  Sometime after that debt became delinquent, it was allegedly purchased/obtained by Jefferson, which tried to collect upon it, by having Defendant FNCB send Ms. Pittman an initial form collection letter, dated June 6, 2016, demanding payment of the Keybank debt.  This letter made various settlement offers and claimed it would result in savings for Ms. Pittman and "aid" her financial situation.  This letter then stated:

* * *

> The law limits how long you can be sued on a debt.  Because of the age of your debt, our client will not sue you for it.  In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay.  You should determine the effect of any actions you take with respect to this debt.

* * *

(Dkt. 1 at ¶ 9; Dkt 1-3).  The letter, however, failed to state that FNCB could not sue on the debt, and that neither Jefferson, nor FNCB, could make a credit report about the debt; moreover, by stating that "our client will not" sue, rather than it "cannot" sue or credit report, the letter implied that its "client" -- a term not clearly identified as Jefferson in the letter -- still had the option to take those actions, and that it was simply choosing not to do so.

Plaintiff's Complaint -- Class Action, filed on November 30, 2016, sets forth that Defendants FNCB and Jefferson, by failing to state that neither Jefferson nor FNCB *could* lawfully sue or credit report to collect Plaintiff's debt, and by falsely telling Plaintiff that a partial payment would result in a discount, when, in fact, no discount existed, and

3

that paying the debt would somehow aid Ms. Pittman's financial situation, violated §1692e of the FDPCA, see, Dkt. 1 at ¶¶9-21. Moreover, Defendants' letter was also unfair and unconscionable, in violation of §1692f of the FDCPA, see, Dkt. 1 at ¶¶ 22-27.

## ARGUMENT

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case, see, Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in plaintiff's favor, see, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief, see, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). To provide a defendant with "fair notice of what the claim is and the grounds upon which it rests," a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," see, Fed.R.Civ.P. 8(a)(2); see also, Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008). The allegations of the Complaint must also plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level", see, Twombly, 550 U.S. at 555.

Moreover, claims made pursuant to the FDCPA must be evaluated using the unsophisticated consumer standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994) ("[The] unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness."); see also, Evory v. RJM, 505 F.3d 769, 776 (7th Cir. 2007); Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1060 (7th Cir. 1999); McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1019-1020 (7th Cir. 2014) (describing the

4

unsophisticated consumer as a person of "modest education and limited commercial savvy"). Unsophisticated readers typically require more explanation than do federal judges or attorneys, see, Evory, 505 F.3d at 776; McMahon, 744 F.3d at 1019-1020.

Thus, when a complaint alleges that a collection letter would be misleading to an unsophisticated consumer, dismissal pursuant to Rule 12(b)(6) is not warranted because, as this Court has noted, the "question of whether an unsophisticated debtor would be confused by a dunning letter is fact-based and cannot be decided at the pleading stage", see, Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 at [*4]-[*5](S.D. Ind. 2015)(Barker, J.). Finally, when a statement in a collection letter is false or contradictory on its face, extrinsic evidence that it would confuse or mislead an unsophisticated consumer is unnecessary, see, Lox v. CDA, 689 F.3d 818, 824 (7th Cir. 2012). Plaintiff has stated a claim upon which relief may be granted and Defendants' motion to dismiss should be denied.

**I.      Defendants' Letter Falsely And/Or Misleadingly Represented That A Payment Of A Time-Barred Would "Aid" Ms. Pittman Financially, In Violation of §§1692e and 1692f of the FDCPA.**

Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5). Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

False and/or misleading attempts to collect to collect time-barred debts violate §

5

1692e of the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); McMahon, 744 F.3d at 1020-1021; see also, Holt v. LVNV Funding 147 F. Supp. 3d 756 (S.D. Ind. 2015) (Young, J.); Green v. Monarch Recovery Management, 2015 U.S.Dist. LEXIS 98765 at [*19]-[*25] (S.D.Ind. 2015)(Barker, J.); Slick v. Portfolio Recovery Associates, 111 F. Supp. 3d 900, at 904-909 (N.D. Ill. 2015); and Pantoja v. Portfolio Recovery Associates, 78 F.Supp. 3d 743, 745-747 (N.D. Ill. 2015).

Although a debt is not extinguished by its age, a debt's age dictates its legal status. Six years after the date of last payment on a debt, an Indiana debtor can no longer be sued for a stale debt, see, Indiana Code § 34-11-2; see also, Smither v. Asset Acceptance, 919 N.E.2d 1153, 1162 (Ind. Ct. App. 2010). Moreover, seven years after the date of last payment on a debt, a debt collector can no longer report an account as delinquent to a credit reporting agency, see, Fair Credit Reporting Act, 15 U.S.C.S. § 1681c(a)(4) ("FCRA").

As this Court held in Green, in granting summary judgment to a consumer in a case involving a time-barred debt:

> . . .[the debt collector's] collection letter was plainly misleading in offering to accept a "settlement" on a time-barred debt while failing to inform [the consumer] that a limitations defense existed and/or that the effect of a partial payment would be to restart the statute of limitations.

See, Green, 2015 U.S.Dist.LEXIS 98765 at [*19]-[*25].

In Green, this Court also noted that, while the Seventh Circuit has not had occasion to address this issue since McMahon, two recent district court cases similarly held that collection letters attempting to collect on time-barred debts violated the FDCPA, see, Slick, 111 F. Supp. 3d 900 at 904-909; Pantoja, 78 F.Supp.3d at 745-747.

Moreover, in Holt, Judge Young held that a consumer had stated a claim

sufficient to survive a motion for judgment on the pleadings where a collection letter sent by collectors contained a disclaimer regarding a debt's time-barred status, but overshadowed the notice by offering to "settle" a time-barred debt, in order to release a consumer of "all liability", see, Holt, 147 F. Supp. 3d at 761-2.  In following McMahon, the Holt court held:

> The Letter initially notes that LVNV will not sue the consumer, but then goes on to explain that the consumer "will be released from all liability" if she accepts a "settlement" offer. An unsophisticated consumer tends to read collection letters literally, and thus could be confused by what she perceives to be contradictory language.

Holt, 147 F. Supp. 3d at 761 (internal citations omitted).

Defendants argue that, because a debt is not entirely extinguished in the State of Indiana when it becomes legally time-barred, their offer of a discount was neither false, nor misleading, see, Dkt. 17, at pp. 14-15.  Defendants cite a list of Indiana state cases which hold that a debt which is beyond the statute of limitations is still owed[2], but none of these give Defendants the right to use false and/or deceptive collection means. Here, an unsophisticated consumer in receipt of Defendants' letter would be unclear as to the legal status of her debt, whether either FCNB or Jefferson could sue her in the future, whether the debt may be credit reported.  Defendants fail to appreciate how their

---

[2] See, Cassell v. Lowry, 164 Ind. 1, 72 N.E. 640 (1904); Townsend v. Jemison, 50 U.S. (9 How.) 407 (1850); Jackson Hill Coal & Coke Co. v. Board of Comm'rs, 181 Ind. 335, 104 N.E. 497 (1914);  Guthrie v. Wilson, 240 Ind. 188, 162 N.E.2d 79 (1959); Streepy v. State, 202 Ind. 685, 177 N.E. 897 (1931); Indiana Nat'l Corp. v. FACO, Inc., 400 N.E.2d 202 (Ind. Ct. App. 1980); McClain v. Chavez, 178 Ind. App. 560, 383 N.E.2d 414 (1978); Bennett v. Bennett, 172 Ind. App. 581, 361 N.E.2d 193 (1977); Marhoefer Packing Co. v. Indiana Dep't of State Revenue, 157 Ind. App. 505, 301 N.E.2d 209 (1973); Oberg v. D. O. McComb & Sons, 127 Ind. App. 278, 141 N.E.2d 135 (1957) (Dkt. 17 at pp. 14-15).  None of these cases, however, consider the impact of the FDCPA – which was enacted in 1978 – on the collectability of time-barred *consumer* debts.

7

vague offers of financial benefits would be perceived by an unsophisticated consumer. For these reasons, their motion to dismiss should be denied.

    **A.    Defendants' Letter Falsely And/Or Misleadingly Implied that Defendants Had Chosen Not To Sue When, In Fact, Plaintiff Could Not Lawfully Be Sued.**

Defendants' letter implies that Defendants have merely chosen not to sue, when, in fact, they are legally prohitted from doing so, see, Dkt. 1-3. The decision in Pantoja is particularly illustrative of this point. In Pantoja, the debt collector's letter – as does the letter at issue here -- stated that "[b]ecause of the age of your debt, we will not sue you for it", see, Pantoja, 78 F.Supp.3d at 745. The court held that this language was plainly misleading "because it does not tell the consumer that the debt is time-barred and defendant cannot sue plaintiff to collect it, rather it implies that defendant has chosen not to sue."

Although Defendants, here, attempt to inform the consumer of the impact of a partial payment, this disclaimer is rendered ineffective because the letter alleges that payment will "aid" the consumer's "financial situation" and offers an 80% "discount", see Dkt. 1-3. In reality, Defendants' "offer" would not benefit Ms. Pittman at all, because she was not legally obligated to make any payment whatsoever, nor would such a payment affect her credit score. Although Defendants have defined "offer," "discount," (Dkt. 17, at fn. 2) and have explained that $307.28 is less than $1,536.42 (Dkt. 17, at fn. 4), they have failed to provide even one way in which making a payment would aid Ms. Pittman's financial situation -- because it simply would not. Defendants' letter's offer to aid Ms. Pittman financially, therefore, is completely illusory and constitutes false and/or misleading collection means, in violation of §1692e of the FDCPA.

**B.      Defendants' Letter Is False And/Or Misleading Because It Fails To State That Neither Jefferson, Nor FNCB, Can Legally Sue To Collect The Debt.**

Defendants' letter fails to state that, in addition to Jefferson, FNCB is legally prohibited from suing on the time-barred debt.  This is not a "bizarre and idiosyncratic" interpretation of Defendants' letter, but rather a realistic one.  In Indiana, third-party collectors like Defendant FNCB can, and do, file lawsuits against consumers – a fact of which Defendants gloss over:

> It is axiomatic that only the owner of Plaintiff's debt has the authority to sue or to authorize another party to sue on its behalf.  One acting on the creditor's behalf cannot do what the creditor has proscribed.  It, therefore, follows that if [Jefferson] will not sue on the debt, which is stated in clear and unequivocal terms in the letter to Plaintiff, a debt collector acting on behalf of [Jefferson] (here, FNCB) will not and cannot sue on the debt.

See, Dkt. 17, at p. 6.  In so arguing, Defendants have tasked the recipient of their letter with a complex legal understanding of the collector/debt-buyer relationship that unsophisticated consumers lack.  First of all, Defendants' letter does not state in "clear and unequivocal terms" that Jefferson will not sue on the debt -- it merely says, "<u>our client</u> will not sue you for it", and Defendants' letter never clearly states that Jefferson is FNCB's "client", see, Dkt. 1-3.

Moreover, even though Defendants claim that FNCB does not file lawsuits in Indiana (Dkt. 17, at p. 6)[3], collection law *does* permit collection agents like FNCB to sue on behalf of debt buyers/principals in the name of the agent and to collect all sums owed to the principal, including attorney's fees if permitted by the contract establishing

---

[3] Defendants state that Plaintiff has provided no evidence that FNCB files lawsuits, see, Dkt. 17 at p. 6, but discovery has yet to be conducted to verify this claim.  Moreover, whether FNCB ever files lawsuits to collect debts is simply inapposite: an unsophisticated consumer would not know that.

9

the debt, see, Kelley v. Med-1 Solutions, 952 N.E.2d 817, 827-8 (Ind. Ct. App. 2011), citing, Mutual Hosp. Servs. v. Burton, 695 N.E.2d 641 (Ind. Ct. App. 1998) (affirming right of a collection agency to sue in its own name on behalf of a hospital). Therefore, Defendants' failure to include both Jefferson and FNCB in their time-barred disclosure is a material omission that could mislead an unsophisticated consumer -- especially one in Indiana who has been sued by third-party collector before.

### C. Defendants' Letter Does Not Conform To The FTC/Asset Acceptance Consent Decree, Nor Would Use Of Such Language Be Sufficient To Support Dismissal

Defendants are simply wrong in their assertion that, by parroting the language in the FTC/Asset Acceptance Consent Decree, they avoid liability for misleadingly attempting to collect a time-barred debt, see, Dkt. 17, at p. 7. Defendants point out that the disclaimer set forth in the FTC/Asset Acceptance Consent Decree involved Asset Acceptance's collection of its own accounts, rather than a third-party collector, see Id. Defendants, however, wrongfully conclude that by stating "Because of the age of the debt our client will not sue you", they have effectively mirrored the FTC/Asset Acceptance consent decree. Having never otherwise identified a "client in the rest letter, an unsophisticated consumer would be left scratching her head as to who, exactly, had agreed not to sue her.

Moreover, the FTC/Asset Acceptance consent decree would have required that Defendants disclaim that neither one of them could credit report the debt. Defendants, oddly, cite a non-binding, case from outside of the Seventh Circuit -- Hollis v. Northland Group, 2009 U.S. Dist. LEXIS 7196, which cites a list of exceptions to the Fair Credit Reporting Act's seven year statute of limitations -- none of which would have applied to

10

Ms. Pittman's debt, see, Hollis, at [*3], citing 14 U.S.C. §1681c(b)[4].  Indeed, Defendants were in a much better position than an unsophisticated consumer would be to evaluate whether the debt at issue could be credit reported.  By alleging to "aid" Plaintiff financially if she made a partial payment on a time-barred debt, without specifically stating that the debt was too old to be credit reported, an unsophisticated consumer may be misled to believe that a possible financial benefit to payment would be improved credit when, in reality, no such benefit from making a payment existed.

More importantly, the Consent Decree[5] prohibited the collector there from "mak[ing] any representation or statement, or tak[ing] any other action that interferes with, detracts from, contradicts, or otherwise undermines" the required disclosures, see, Consent Decree at p. 14.  That is precisely what Defendants did here, by falsely telling Plaintiff that payment would result in a discount, or aid in her financial situation, see, Dkt. 1-3.  Moreover, even if Defendants' disclosure could be considered to meet the requirements set forth in the Consent Decree -- which, on its face, it does not -- whether

---

[4] The listed exemptions from the seven-year statute of limitations (principal in the amount of $150,000 or more, underwriting of life insurance with a face value amount of $150,000 or more, and the enjoyment of any individual at an annual salary which exceeds $75,000 or more annually -- would not fit the description of the Keybank account at issue for Ms. Pittman, nor of any of the other consumer debts within the putative class.  As the FTC's Report "The Structure and Practices of the Debt Buying Industry", available online at https://www.ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf, pp. 17-24, explains, debts are sold and purchased in portfolios with similar types of debts.  Ms. Pittman's debt and the debts of the putative class could not have been credit reported, so Defendants' argument is meritless.

[5] The Consent Decree entered in United States v. Asset Acceptance, Case No. 8:12-cv-00182-T-27EAF (M.D.Fla. 2012) can be found on the FTC's website at https://www.ftc.gov/sites/default/files/documents/cases/ 012/01/120131assetconsent.pdf (hereinafter the "Consent Decree").

that disclosure -- or the disclaimer in <u>Buchanan v. Northland Group, Inc.</u>, 776 F.3d 393, 400 (6th Cir. 2005) -- would be clear to an unsophisticated consumer remains to be put to the test of either a jury or a consumer survey.

II.   **The Legal Requirement That Defendants Correctly Portray A Debt's Legal Status Does Not Make Them Practice Law.**

Defendants' argument -- that accurately informing the consumer as to the legal status of his debt would force Defendants to provide unauthorized legal advice and would be outside of their means (<u>see</u>, Dkt. 17, at pp. 11-13) -- has already been soundly rejected in <u>McMahon</u>:

> [W]e find it unlikely that debt owners lack knowledge about the age of the debts they are attempting to collect. If the debt collector is the original creditor, it will know the relevant dates. If the collector is a third-party collecting on behalf of the original creditor, it should easily be able to get that information at the time the file is assigned by the original creditor on whose behalf it is acting. If the collector has purchased the debt from the original creditor, we know from the FTC that such buyers pay different amounts for debts depending on the age of the debt and the number of previous attempts to collect it, in which case whether the debt is time-barred should be known.

<u>See</u>, <u>McMahon</u>, 744 F.3d at 1022, <u>citing</u>, Fed. Trade Comm'n, *The Structure and Practice of the Debt Buying Industry*, (2013) at p. 47, Note 2.  Defendants knew the debt was time-barred, they knew this meant that it was not legally enforceable against Plaintiff or the putative class, and they are prohibited by §1692e and §1692f of the FDCPA from using false and/or misleading statements to collect a debt, as well as from using unfair or unconscionable collection means, <u>see</u>, 15 U.S.C. §§1692e, 1692f.

As the Seventh Circuit further held in <u>McMahon</u>:

> [I]f the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the [time-barred] debt is legally enforceable, regardless of whether the letter actually threatens litigation … the collector has violated the FDCPA.

12

McMahon, 744 F.3d at 1020.  Complying with this requirement in no way rises to the level of unlicensed practice of law.

Defendants' authority for this position -- that a clear disclosure that a consumer cannot be sued or credit reported by either Defendant would constitute the unauthorized practice of law -- could not be more mistaken.  For example, Defendants cite Indiana State Bar Ass'n v. Diaz, 838 N.E. 2d 433, at 446-448 (Ind. 2005) (Dkt. 17 at p. 13), but that case involved a non-attorney notary public who was accused of completing immigration applications, providing immigration-related legal advice, promising confidentiality, and using the title "notario publico" -- which, in Spanish, is an experienced attorney (whereas in Indiana, a notary public may be a non-attorney) – not even remotely close to the facts of this case, nor an attempt to collect a time-barred debt.  Similarly, Indiana State Bar Ass'n v. Northouse, 848 N.E. 2d 668, at 673, involved non-attorneys preparing wills and legal trusts.

None of Defendants' authorities involve the requirement that collectors refrain from making false or misleading statements as to a debt's legal status in their dunning letters, nor do they support its false conclusion, that "[n]either the law nor the FDCPA requires such disclosures [that a consumer cannot be sued and cannot have a debt credit reported for a time-barred debt] on collection correspondences" (Dkt. 17, at pp. 7-8).[6]  Actually, as is required by § 1692e(2)(A) of the FDCPA, and the binding authority

---

[6] Defendants' reliance on Poirier v. Alco Collections, 107 F.3d 347, at 350-351 (5th Cir. 1997), and Todd v. Franklin Collection Service, 694 F.3d 849, at 850-852 (7th Cir. 2012) (Dkt. 17 at p. 13) is also inapposite.  Poirier involved a collector filing a state court lawsuit to collect a debt that it did not own, which was held to violate Louisiana state law and constitute the unauthorized practice of law, see, Poirier, 107 F.3d 347, at 350-351. Todd involved a pro-se plaintiff who purchased an alleged FDCPA claim via a contract that referred to the consumer-seller as his "client", and then sued a collector for what he

of McMahon, and the findings of this Court in Green, 2015 U.S.Dist. LEXIS 98765 at [*19]-[*25]; see also, Holt, 147 F. Supp. 3d 756; Slick, 2015 U.S. Dist. 111 F. Supp. 3d 900, at 904-909; Pantoja, 78 F.Supp. 3d at 745-747, Defendants must refrain from falsely representing the legal status of a debt -- and falsely claiming that making a payment would result in "discount[s]" and aid a consumer's financial situation implies that a time-barred debt is still legally actionable or that it could be credit reported. Defendants have not and cannot equate Plaintiff's allegations -- that their disclosure ineffectively conveyed the debt's legal status -- to a suggestion that they provide consumers with legal advice.  Therefore, dismissal is not warranted on this basis.

### III. Whether Defendants' Letter Violates The FDCPA May Be Decided By This Court, May Be Put To A Jury At Trial, Or May Be Proved By Extrinsic Evidence -- But Dismissal Is Not Warranted

Plaintiff Pittman clearly has pled facts sufficient to withstand a motion to dismiss. At the pleading stage, an FDCPA claim should survive so long as the plaintiff has plausibly alleged a violation and the plaintiff is not precluded from recovery as a matter of law, which Ms. Pittman here is not, see, Moran v. Greene & Cooper Attys, 43 F. Supp. 3d 907, 913 (S.D. Ind. 2014) (Barker, J.).  In fact, dismissal of this matter is not warranted, and this Court is left with three options:  1) find that the letter violates the FDCPA on its face (as this Court did in Green, see, Green, 2015 U.S.Dist. LEXIS 98765 at [*22]-[*23]; see also, Pantoja, 78 F.Supp.3d at 746);  2) put the question of whether Defendants' disclaimer, when coupled with false claims that an immediate payment would result in a "discount" or "savings", to a jury (as Judge Shadur astutely suggested in Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill.

---

alleged violations of the FDCPA.  Neither of these cases involved disclosures collectors must make when communicating with consumers and, as such, they inapposite.

14

2011), a case involving a false/misleading statement of the name of a creditor to whom a debt was owed, see, attached Exhibit A, transcript of April 26, 2012 hearing at p. 2, ln. 8 to p. 4, ln.11), or 3) allow Plaintiff to present extrinsic evidence, in the form of a consumer survey, to determine whether Defendants' misleads consumers as to the legal status of the debt.

This Court may very well find, as it did in Green, that no extrinsic evidence is necessary to rule in favor of the Plaintiff and the putative class, see, Green, 2015 U.S.Dist. LEXIS 98765 at [*22]-[*23]; see also, Pantoja, 78 F.Supp.3d at 746; or the Court may find that the letter is confusing enough to be presented to a jury at trial.  If, however, this Court is not convinced that Defendants' letter violates the FDCPA on its face, Plaintiff Pittman must be allowed to either present the question to a jury at trial, or be given the opportunity to obtain extrinsic evidence, in the form of a consumer survey, to support his claim, see, Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1061-1062 (7th Cir. 2000); Durkin v. Equifax Check Services, Inc., 406 F.3d 410, 419 and 422-423 (7th Cir. 2005)[7].

## CONCLUSION

Plaintiff has clearly stated a claim for relief pursuant to §1692e and §1692f of the FDCPA, because an unsophisticated consumer would be deceived or misled by the language in Defendants' form debt collection letter concerning whether they could be sued or credit reported on a time-barred debt. Defendants' motion, therefore, should be denied.

---

[7] Should this Court conclude that extrinsic evidence is necessary to determine whether Defendants' letter violates the FDCPA, this Court should immediately appoint its own neutral expert to conduct a survey, see, DeKoven v. Plaza Associates, 599 F.3d 578, 582-583 (7th Cir. 2010).

                                                              Jodie Pittman, individually and on behalf of all others similarly situated,

                                                              By: <u>David J. Philipps</u>
                                                              One of Plaintiff's Attorneys

Dated: February 3, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D-1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 3, 2017, a copy of the foregoing **Plaintiff's Response in Opposition to Defendants' Motion to Dismiss** was filed electronically. Notice of this filing was sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

| | |
|---|---|
| Michael S. Poncin | mike.poncin@lawmoss.com |
| Matthew P. Kostolnik | matt.kostolnik@lawmoss.com |
| Moss & Barnett | |
| 150 South Fifth Street | |
| Suite 1200 | |
| Minneapolis, Minnesota  55402 | |
| | |
| Jeanne R. Kerridge | jeanine.kerridge@btlaw.com |
| Barnes & Thornburg, LLP | |
| 11 South Meridian Street | |
| Indianapolis, Indiana 46204 | |
| | |
| Michael D. Slodov | mslodov@sessions.legal |
| Sessions, Fishman, Nathan & Israel, LLC | |
| 15 E. Summit Street | |
| Chagrin Falls, Ohio 44022 | |
| | |
| John T. Steinkamp | steinkamplaw@yahoo.com |
| 5214 S. East Street | |
| Suite D1 | |
| Indianapolis, Indiana 46227 | |

/s/ David J. Philipps    
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com