UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JODIE PITTMAN, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 1:16-cv-03250-SEB-MJD |
| vs. | )<br>) |
| JEFFERSON CAPITAL SYSTEMS, LLC, a Georgia limited liability company, FIRST NATIONAL COLLECTION BUREAU, INC., a Nevada corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Joint Motion to Dismiss for failure to state a claim upon which relief can be granted. [Dkt. 16.] For the following reasons, the Magistrate Judge recommends that the Court **DENY** Defendants' Motion.[1]

**I. Background**

This putative class action seeks damages for Defendants' use of a form debt collection letter that Plaintiff maintains violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e-1692f. [Dkt. 1.] Some seven years ago, Plaintiff incurred a debt to Keybank. [Dkt. 1 at 3 (¶ 9).] The bank then sold the debt to Defendant Jefferson Capital Systems ("Jefferson"), which in turn enlisted Defendant First National Collection Bureau (FNCB) to collect the debt.

---

[1] During a status conference with the Court, Defendants confirmed that they do not oppose Plaintiff's Motion for Leave to File Surreply. [Dkt. 37.] Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Surreply [Dkt. 31] and has considered Plaintiff's proposed surreply [Dkt. 31-1] in ruling on the instant Motion to Dismiss.

[*Id.*] FNCB attempted to do so via a form letter (the "Letter"), sent in June 2016. [*Id.*] The Letter, which is attached as an exhibit to the Complaint, provides in relevant part:

> The law limits how long you can be sued on a debt. Because of the age of your debt, out client will not sue you for it. In circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.
> In order to aid your financial situation, as may be necessary, we could set up your account on a monthly payment plan.
> We would like to extend the following discounted offer:
> An approximately 80 % discount payable in 4 payments . . . .
> We are not obligated to renew this offer.

[Dkt. 1-3.] At the time FNCB sent the letter, the statute of limitations had run, meaning that Defendants could not sue to collect the debt. [Dkt. 1 at 3-4 (¶ 10).] Moreover, the debt could not in the ordinary course be included on Plaintiff's credit report because of its age. [Dkt. 1 at 4 (¶ 11).]

Plaintiff brought suit in this Court in November 2016, alleging that the Letter constitutes a false, misleading, or unfair attempt to collect a debt in violation of the FDCPA. [Dkt. 1.] Plaintiff's claims rest primarily on two theories: that the Letter falsely implies that paying the debt would somehow aid Plaintiff's financial situation and that Defendants' decision not to sue for the time-barred debt is a matter of choice. [Dkt. 1.] Defendants have jointly moved to dismiss Plaintiff's Complaint for failure to state a claim [Dkt. 16], which Motion is fully briefed [Dkt. 17; Dkt. 24; Dkt. 29; Dkt. 31-1] and ripe for determination.

## II. Legal Standards

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In assessing the complaint under Rule 12(b)(6), the Court takes all well-pleaded allegations as true and draws all reasonable inferences in favor of the non-movant, *Hayes*, 670 F.3d at 813, "but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth," *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  After thus "excising" such conclusory allegations, *McCauley*, 671 F.3d at 616, the Court must determine whether the plaintiff's complaint "state[s] a claim to relief that is plausible on its face," *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint meets this standard where it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In short, a motion to dismiss must be granted only where the plaintiff could not possibly prevail, even assuming the truth of each factual allegation in the complaint.  *Id.*

### III.  Discussion

Defendants contend that the Letter used judicially-approved language from a consent decree; that the language is not otherwise misleading as to the possibility of a lawsuit or potential financial benefit; and that providing the disclosure Plaintiff requests would constitute the unauthorized practice of law.  Plaintiff rejoins that the Letter does not mirror the Consent Decree and that even if it did, such would not be binding upon this Court.  Plaintiff argues that an unsophisticated consumer may find the Letter misleading as to the possibility of a financial benefit, such as an improved credit rating, from paying the stale debt.

The FDCPA prohibits debt collectors from making "any false, deceptive, or misleading representations," 15 U.S.C. § 1692e, or employing "unfair or unconscionable means," *id.* §

3

1692f, in attempting to collect on a debt.[2] Courts must analyze debt collection efforts under the "unsophisticated consumer standard," consistent with the FDCPA's goal of protecting the "consumer who is uninformed, naive, or trusting." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). This standard, however, includes an "objective element of reasonableness," such that the Court may "not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter." *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

As a general rule, the misleading or unfair nature of a collection letter is "a question of fact," *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012), and courts are expected to "tread carefully before holding that a letter is not confusing as a matter of law . . . because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects," *McMillian*, 455 F.3d at 759. "Nevertheless, a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Zemeckis*, 679 F.3d at 636 (7th Cir. 2012) (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)).

In January 2012, the FTC entered into a Consent Decree with a debt collector in an FDCPA case in the Middle District of Florida. In relevant part, the Consent Decree provides:

> D.      . . . Defendant shall make the following disclosure(s), clearly and prominent, as applicable:
>    . . .
>    2.      When collecting on debt where the debt is passed the date for obsolescence . . .:

---

[2] Neither party directs specific arguments to § 1692e or § 1692f, and courts in the Seventh Circuit have recognized that these provisions "are not mutually exclusive." *Holt v. LVNV Funding, LLC*, 147 F. Supp. 3d 756, 763 (S.D. Ind. 2015). As the parties do not distinguish between the provisions, the Court will treat the parties' arguments as applying with equal force to each of the Complaint's counts, which allege claims under each provision.

4

- The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency.

E. Defendant shall not make any representation or statement, or take any other action that interferes with, detracts from, contradicts, or otherwise undermines the disclosures required . . . above.

Consent Decree, *United States v. Asset Acceptance, LLC*, No. 8:12-cv-00182-JDW-EAJ, ECF No. 4 (M.D. Fla. Jan 31, 2012).

Various district court opinions in the Seventh Circuit have looked to the Consent Decree as providing some guidance on what may be appropriate under the FDCPA, but those opinions recognize that consent decrees are not binding on nonparties and are frequently of limited persuasive value.  See, e.g., *Harris v. Total Card, Inc.*, No. 12 C 05461, 2013 WL 5221631, at *7 (N.D. Ill. Sept. 16, 2013) (concluding that the Consent Decree did not warrant any deference where the plaintiff failed to present "information about the FTC's explanation of or rationale behind its position"); *McRill v. Nationwide Credit, Inc.*, No. 12-2175, 2012 WL 6727974, at *5 (C.D. Ill. Dec. 6, 2012) (recognizing that the Consent Decree "was binding on Asset Acceptance only because it agreed to the decree"), *report and recommendation adopted*, No. 12-CV-2175, 2012 WL 6727722 (C.D. Ill. Dec. 28, 2012).

Moreover, Defendants misleadingly suggest that the Seventh Circuit in *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1015-16 (7th Cir. 2014), gave its "express approval" to the language in the Consent Decree.  [Dkt. 17 at 10.]  *McMahon* did no such thing.  In fact, the only reference in *McMahon* to the Consent Decree came in the background section of the opinion, simply noting that the district court decisions under review "were also aware" of the Consent Decree and its language.  744 F.3d at 1015.  Defendants make no other argument that the

Consent Decree warrants deference under administrative law doctrines such as *Chevron* or *Skidmore*.[3]

The Court need not determine whether the Consent Decree warrants any deference or weight in this case because the Letter in fact fails to replicate the language used therein. Moreover, the differences between the Letter and the Consent Decree are instructive in demonstrating why Plaintiff's Complaint states a plausible claim to relief. Specifically, the Consent Decree included the disclosure that "we will not report [the stale debt] to any credit reporting agency." The Letter in this case, by comparison, contains no similar disclosure and instead provides that "[i]n order to aid your financial situation, as may be necessary, we could set up your account on a monthly payment plan." [Dkt. 1-3.]

Defendants argue that the Letter's statement that payment will "aid" Plaintiff's financial situation is not misleading or inaccurate. First, Defendants argue that debt collectors are not precluded from providing information about time-barred debts to credit reporting agencies because the statutory restriction on reporting stale debts on a credit report is addressed to the credit reporting agency only. And while Defendants agree with Plaintiff that "a debt of th[is] age [over seven years old] cannot be reported by a credit reporting agency" in the ordinary course, [Dkt. 29 at 5 (citing 15 U.S.C. § 1681c(a)(4)) (emphasis omitted)], they point out that that there are three statutory exceptions to the prohibition on reporting a stale debt. The three exceptions allow for stale debts to be reflected in credit reports in the following situations:

> (1) a credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;
> (2) the underwriting of life insurance involving, or which may reasonably be expected to involve, a face amount of $150,000 or more; or
> (3) the employment of any individual at an annual salary which equals, or which may reasonably be expected to equal $75,000, or more.

---

[3] These doctrines were recognized first in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council Inc.*, 467 U.S. 737 (1984), and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), respectively.

15 U.S.C. § 1681c(b). Defendants argue that only credit reporting agencies are responsible for determining whether a debt is reported on a consumer credit report.

In response, Plaintiff concedes that Defendants are not responsible for complying with restrictions addressed to credit reporting agencies, but argues that this is irrelevant to determining whether the Letter misleadingly states that payment will "aid" Plaintiff's financial situation.

Critically, Defendants make no argument that paying a stale debt which could then be reported under the narrow circumstances above would yield any financial benefit. The Court agrees with Plaintiff that whether or not Defendants are ultimately responsible for the contents of a credit report is irrelevant to the FDCPA inquiry of whether the promise of aiding Plaintiff's financial situation is misleading. Neither the statute nor case law supports the distinction that Defendants seek to draw; the statute is concerned with the viewpoint of the "unsophisticated consumer" and the "supposed ramifications of one's decision to pay." *Slick v. Portfolio Recovery Assocs., LLC*, No. 12 C 2562, 2014 WL 4100416, at *8 (N.D. Ill. Aug. 20, 2014); *see McMahon*, 744 F.3d at 1019-22. These ramifications are not impacted by the intricacies of who is responsible for ultimately reporting (or not reporting) a stale debt. Defendants do not contest Plaintiff's argument that the Letter's promise of "aid" connotes an improved credit score, nor do they articulate any argument that paying the stale debt would improve Plaintiff's credit report. *Cf., e.g.*, *Slick*, 2014 WL 4100416. The Complaint thus plausibly alleges that the Letter could mislead an unsophisticated consumer into paying a stale debt under the false impression that doing so will improve her credit report.

Defendants next suggest that the benefit of paying the debt at a "discount" will aid a debtor's financial situation because the debtor will not have paid full price. The debt, after all, technically remains outstanding under state law, even after the deadline for filing a lawsuit to

7

collect thereupon has expired. But this is a Pyrrhic benefit if indeed it may so be characterized. As Plaintiff explains, the only financial benefit from accepting such a discounted offer will be having spent less than Plaintiff would have spent if she paid the entire debt. This is far too close to an argument that the financial benefit would be aiding a debtor in fulfilling a "moral obligation"—as multiple courts have now observed, "it is 'far-fetched to suppose that unsophisticated consumers assume that debt-collection agencies asking for payment are really just appealing to the consumers' sense of moral duty.'" *Green v. Monarch Recovery Mgmt., Inc.*, No. 1:13-cv-00418-SEB-MJD, 2015 WL 4599480, at *9 n.7 (S.D. Ind. July 29, 2015) (Barker, J.) (quoting *Slick v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 900, 907 (N.D. Ill. 2015)). An unsophisticated consumer may plausibly find the suggestion of a discounted offer to "aid your financial situation" in paying an unenforceable debt to be misleading and counterproductive, in which case payment really provides no aid at all.

Notwithstanding the foregoing, Defendants also offer the dubious argument (supported by inapposite authorities) that requiring a disclosure as to whether a debt may be reported on a credit report would require debt collectors to engage in the unauthorized practice of law. But the Court's conclusion that Plaintiff has stated a claim does **not** rest on the need for a disclosure regarding credit reporting. Rather, its rests on the conclusion that unsophisticated consumers may plausibly be misled or confused by assertions that payment of a stale debt would "aid your financial situation." Defendants' argument that such a holding would require them to give legal advice or make any affirmative disclosure is thus a *non sequitur*—omitting language regarding the supposed financial benefit would suffice just the same as a disclosure regarding credit reporting.

Plaintiff raises several additional arguments to support its allegations that the Letter violates the FDCPA, but because one successful argument is sufficient to demonstrate that her Complaint states a claim upon which relief may be granted, the Court need not address these arguments at this time. *See Holt v. LVNV Funding, LLC*, 147 F. Supp. 3d 756, 761 (S.D. Ind. 2015) (noting that one basis is sufficient to "state[] a plausible claim for relief under § 1692e").

### IV. Conclusion

The Seventh Circuit has emphasized the "distinction between what may confuse a federal judge and an unsophisticated consumer" and has "cautioned against reliance 'on our intuitions'" in ruling on motions to dismiss FDCPA claims. *McMahon*, 744 F.3d at 1020 (quoting *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007)). Plaintiff's Complaint plausibly alleges that the Letter she received could be misleading, confusing, or unfair to the unsophisticated consumer. Accordingly, the Magistrate Judge recommends that the Court **DENY** Defendants' Motion to Dismiss. [Dkt. 16.]

Any objections to the Magistrate Judge's Report and Recommendation must be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 14 MAR 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.